IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMITT PERKINS, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| | : | |
| CORRECTIONAL OFFICER SERGEANT SCHWAPPACH, | : | |
| | : | |
| | : | |
| Defendant. | : | NO. 07-2124 |

**MEMORANDUM**

**Baylson, J.**                                                                                                                **December 18, 2007**

**I.      Introduction**

This prisoner civil rights action, pursuant to 42 U.S.C. § 1983 and Pennsylvania state law, involves Plaintiff's claims of inadequate medical treatment. The Complaint alleges that defendant Correctional Officer Sergeant Schwappach ("Schwappach") blocked Plaintiff's attempt to obtain his diabetes medication, resulting in harm to the Plaintiff. For the reasons that follow, this Court will grant Defendant's Motion to Dismiss.

**II.     Background**

Plaintiff Emmitt Perkins ("Perkins") filed this pro se Complaint against Schwappach in the Court of Common Pleas of Montgomery County, Pennsylvania, seeking $50,000 in damages. The Complaint (attached to Doc. No. 1) alleges violations of "the United States Constitution 42 U.S.C. Section 1983, and the Commonwealth of Pennsylvania Constitution." Compl. ¶ 8. The Complaint also appears to allege negligence. See, e.g. id. ¶ 24. Because the U.S. District Courts have jurisdiction over § 1983 claims, Schwappach removed the case to this Court pursuant to 28

U.S.C. § 1441. See Doc. No. 1.

According to the pleadings, Perkins is an insulin-dependent diabetic. The Complaint alleges that Perkins was on his way to the dispensary to get needed diabetes medication when Schwappach told him to turn around. According to the Complaint, Perkins showed Schwappach his dispensary pass and medical bracelets, but Schwappach did not allow him to proceed to the dispensary. The Complaint alleges that Schwappach accused Perkins of "faking the seriousness of needing the medication now rather than later." Compl. ¶ 16.

Perkins generally alleges that Schwappach's action "nearly caused the plaintiff's untimely death as recorded in his medical files," Compl. ¶ 6, and that it caused "severe debilitating pain and suffering, permanent injuries, exacerbation of possible pre-existing diabetic complications, depression, mental anguish, emotional upset, embarrassment, anxiety," id. ¶ 26. Although Perkins refers to his medical records, he does not submit them in support of his claims. Perkins alleges experiencing the specific symptoms of loss of feeling in the arms and numbness in the fingertips, id. ¶ 11.

Perkins submits his Official Inmate Grievance, which indicates that he internallly complained of having experienced "blurred vision, dry mouth, and numb limbs" as a result of Schwappach's actions. See Compl. Exh. A. According to the Complaint, after Schwappach prevented Perkins from getting his diabetes medication, Perkins experienced an extremely high blood sugar level and received emergency medical care. Id. ¶ 19. The Complaint does not specify the amount of time that elapsed between Perkins' unsuccessful trip to the dispensary and the administration of emergency medical care.

**III.    Legal Standard**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court need not, however, lend credit to a complaint's "bald assertions" or "legal conclusions." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**IV.    Legal Discussion**

**A.    Eighth Amendment Claim**

As noted above, Perkins alleges violations of 42 U.S.C. § 1983 and the United States Constitution. Compl. ¶ 8. Perkins' allegations do not specify the Eighth Amendment, but since he alleges "deliberate indifference to his medical needs," id. ¶ 23, this Court will treat Perkins' Complaint as though it alleges an Eighth Amendment violation.

"To state a cognizable claim for medical mistreatment under the Eighth Amendment, 'a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs.'" Wesley v. Dombrowski, 2004 WL 1465650 *5 (E.D. Pa.) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Third Circuit has clarified that the two-pronged analysis of "the *Estelle* standard requires deliberate indifference on the part of the prison

officials and it requires the prisoner's medical needs to be serious." Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004).

As to the second prong – the serious medical need element – without making a definitive conclusion, the Court will treat Perkins' diabetes as a serious medical condition. See Rouse v. Plantier, 182 F.3d 192, 198-99 (3d Cir. 1999) (recognizing that some, although not all, insulin-dependent diabetics have a serious medical condition); Garcia v. County of Bucks, 115 F.Supp.2d. 259, 267 (E.D. Pa. 2001).

It is on the first prong of "deliberate indifference" where Perkins' allegations fall short. "Deliberate indifference" requires that the defendant was subjectively aware of a substantial risk of serious harm to plaintiff. Farmer v. Brennan, 511 U.S. 825, 828 (1994). Perkins' allegations are not sufficient under this standard.[1]

As discussed above, Perkins alleges that Schwappach prevented him from going to the dispensary to get his diabetes medication. The Complaint does not allege that Schwappach was subjectively aware of any substantial risk of serious harm to Perkins when he prevented him from going to the dispensary. In fact, the Complaint suggests the opposite. According to the Complaint, Schwappach told Perkins he thought Perkins was faking an immediate need for medical attention. Compl. ¶ 16. Such an allegation suggests that Schwappach subjectively thought that Perkins was fine.

Furthermore, the complaint does not allege that Perkins manifested outward signs of serious illness when he was heading to the dispensary, such that Schwappach could have been on

---

[1] This Court notes that a persistent failure to treat a diabetic prisoner could amount to deliberate indifference. Rouse. 182 F.3d at 198-99. However, Perkins does not allege a persistent lack in treatment and in fact only alleges a one-time delay in treatment.

notice of a substantial risk of serious harm.  Perkins does state that he showed Schwappach his medical pass and medical bracelet in an attempt to get permission to proceed to the dispensary. However, even if true, this allegation does not indicate that Perkins had an immediate need for medical attention, much less that Schwappach subjectively perceived that preventing access to the dispensary would create a substantial risk for serious harm.

While Perkins' allegations, if true, might be construed as setting forth claims of negligence, it is important to note that allegations of negligence do not amount to stating a claim for an Eighth Amendment violation.  Estelle, 429 U.S. at 106.  Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain."  Id. at 104. Perkins' allegations, even if true, do not meet this threshold.

### B. Pennsylvania Law Claims

As noted above, the Complaint alleges a violation of the Pennsylvania Constitution, Compl. ¶ 8, and appears to allege negligence, although it does not explicitly say so, Compl. ¶ 24. Both allegations confront sovereign immunity under Pennsylvania law.[2]

Under Pennsylvania law, state officials, acting within the scope of their employment, are entitled to sovereign immunity unless such immunity has been waived.

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 PA. CONS. STAT. ANN. § 2310.

According to the pleadings, Schwappach is an employee of the Pennsylvania Department

---

[2] Negligence is a state common law claim.

of Corrections ("DOC").  The DOC is an agency of the Commonwealth, and the DOC and its employees acting within the scope of their employment are entitled to the protection afforded by sovereign immunity.  See Maute v. Frank, 657 A.2d 985, 986 (Pa. Super. 1995).  The Complaint alleges that Schwappach was acting within the scope of his employment, Compl. ¶ 3, and the narrow waivers of sovereign immunity, see 1 PA. CONS. STAT. ANN. § 8522(b), do not apply here.  Furthermore, Perkins is seeking monetary damages, and sovereign immunity under Pennsylvania law bars monetary relief claims against DOC employees acting in their individual capacities.  See Maute, 657 A.2d at 986.  Schwappach is therefore entitled to sovereign immunity from Perkins' allegations that he violated the Pennsylvania Constitution and Perkins' allegations of negligence.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMITT PERKINS, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| CORRECTIONAL OFFICER SERGEANT SCHWAPPACH, | : | |
| Defendant. | : | NO. 07-2124 |

## ORDER

The Court has considered, but will deny, Plaintiff's Motion for Appointment of Counsel.

AND NOW, this 18th day of December, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. No. 5) is GRANTED, with prejudice. The Clerk shall close this case.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07\07-2124 Perkins v. Schwappach\07-2124 Perkins v. Schwappach, Memo and Order re MTD.wpd